MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald L. Miner,<br><br>    Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>    Respondents. | No.   CV-25-03540-PHX-JAT (JFM)<br><br>**ORDER** |

Self-represented Petitioner Ronald L. Miner, who is confined in the Federal Correctional Institution-Phoenix (FCI-Phoenix), filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) and a Memorandum in Support (Doc. 2).  After the Court gave Petitioner an opportunity to either pay the filing fee for this action or file an Application to Proceed In Forma Pauperis, Petitioner paid the filing fee.  The Court will require Respondent Gunther to answer to the Petition and will dismiss Respondent Bondi as redundant.

**I.      Petition**

In his Petition, Petitioner names United States Attorney General Pamela Bondi and FCI-Phoenix Warden Jason Gunther as Respondents.  Petitioner raises three grounds for relief:

    (1)    the "System" developed by the Federal Bureau of Prisons (BOP) pursuant to 18 U.S.C. §§ 3631 and 3621 for "[First Step Act] risk and needs assessment does not comply with the requirements of the statute because it uses static factors that either will never change or are not likely to change during a term of imprisonment."

(2) BOP "does not offer sufficient programming to meaningfully reduce an inmate[']s risk of recidivism by assigning each inmate to appropriate evidence-based recidivism reduction programs which address specific criminogenic needs" and FCI-Phoenix does not offer any courses that reduce Petitioner's "risk points."

(3) "All prisoners at each risk level do not have a meaningful opportunity to reduce their classification during their period of incarceration[,] in accordance with 18 USC § 3632(a)(5)(A)."

The Court will require Respondent Gunther to answer the Petition and will dismiss as redundant Respondent Bondi. *See Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003) ("Where a prisoner files an action under section 2241, 'the prisoner must name the warden of the penitentiary where he is confined as a respondent.'" (quoting *Allen v. Oregon*, 153 F.3d 1046, 1050 (9th Cir. 1998))).

**II.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.    Copies**

Petitioner must serve Respondent Gunther, or counsel if an appearance has been entered, a copy of every document he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Respondent Bondi is **dismissed as redundant**.

(2) The Clerk of Court must serve a copy of the Summons, the Petition (Doc. 1), the Memorandum in Support (Doc. 2), and this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, the Memorandum of Support, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent Jason Gunther pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondent Jason Gunther must answer the Petition within 20 days of the date of service. Respondent Gunther shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

(4) Regarding courtesy copies of documents for chambers, Respondent Jason Gunther is directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/sites/default/files/documents/adm%20manual.pdf.

(5) Petitioner may file a reply within 30 days from the date of service of the answer.

(6) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 10th day of November, 2025.

_____
James A. Teilborg
Senior United States District Judge

**TERMPSREF**

- 3 -